98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Perry HOWERTON, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1996.
 
 Before MAYER, LOURIE, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Perry Howerton seeks review of the Merit Systems Protection Board's (Board) denial of his petition because it did not meet the criteria for review under 5 C.F.R. § 1201.115. Because the Board correctly dismissed this invitation to review a settlement agreement, this court affirms.
 
 BACKGROUND
 
 2
 Mr. Howerton was employed as a psychiatric nursing assistant by the Department of Veterans Affairs (DVA) hospital in Los Angeles, California. On June 1, 1995, Mr. Howerton was involved in a physical altercation with a hospital patient. After conducting an investigation into the incident, DVA concluded that Mr. Howerton abused the patient. Based on this finding, DVA removed Mr. Howerton.
 
 
 3
 On August 30, 1995, Mr. Howerton filed an appeal with the Board contesting the removal. Mr. Howerton and DVA reached a settlement agreement. The agreement provided, in part, that Mr. Howerton would withdraw his appeal of the removal action and would not refile it or any other action related to the removal. In accordance with the agreement, Mr. Howerton withdrew his appeal. On December 1, 1995, the administrative judge issued an initial decision of the Board dismissing the appeal based on the settlement agreement.
 
 
 4
 On January 16, 1996, Mr. Howerton submitted to the Board a petition for review of the Board's initial decision. On April 1, 1996, the initial decision of the Board became final when the Board dismissed Mr. Howerton's petition for review on the grounds that it did not meet the criteria for review set forth in 5 C.F.R. § 1201.115. Mr. Howerton filed a timely petition for review with this court.
 
 DISCUSSION
 
 5
 Mr. Howerton's petition for review recites several arguments and alleged facts about the merits of DVA's original removal action. However, the merits of that action are not before this court. See Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Instead, this petition for review relates solely to the Board's action in dismissing Mr. Howerton's action on the basis of the settlement agreement.
 
 
 6
 To contest a settlement agreement, a petitioner must show that the agreement is tainted with invalidity, either by fraud or by mutual mistake. Id. Moreover, a petitioner has the added burden of making this required showing by reference to new evidence not available when the initial decision was reached, or by reference to an erroneous legal standard applied by the Board. See 5 C.F.R. § 1201.115 (1996).
 
 
 7
 Mr. Howerton has not carried this heavy burden. Neither Mr. Howerton's petition before the Board nor his argument before this court raises any evidence showing that the settlement agreement was coerced, fraudulently induced, or made under duress or mistake. To the contrary, the evidence shows a voluntary surrender of procedural rights in exchange for certain substantive concessions by DVA. This court cannot say that the Board's express findings on this matter are unsupported by substantial evidence.
 
 
 8
 This court may reverse the Board's decision only if it was arbitrary, capricious, an abuse of discretion, or otherwise unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Without any such error in the Board's decision, we affirm.